UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
                                                      :

           :

ANGELA URENA,                    :

           :

              Plaintiff,      :

           :

       -against-            :

           :

           :

WARDEN, *et al.*,          :

           :

              Respondents.   :

           :

---------------------------------------------------------------- :

           :

           :

           x

**ORDER DISMISSING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND EMERGENCY MOTION FOR SENTENCE MODIFICATION**

3:24-cv-1673 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Petitioner Angela Urena is a federal prisoner at the Federal Correctional Institution at Danbury, Connecticut,[1] serving a forty-month term of imprisonment to be followed by a three-year term of supervised release.[2] Urena filed this habeas petition challenging the calculation of her sentence as it relates to the application of time credits earned pursuant to the First Step Act ("FSA").[3] She then filed an "Emergency Motion for Modification of Sentence, Pursuant to the Second Chance Act of 2007 as Amended by the First Step Act of 2018 to Update Time Credits Based Extreme Hardships, Extraordinary and Compelling Reasons."[4]

---

[1] ECF No. 11-3 at 3.

[2] ECF No. 11-2 at 2.

[3] Pet. for Writ of Habeas Corpus, ECF No. 1 at 6.

[4] Emergency Mot., ECF No. 3 at 1.

Upon receipt of Urena's motion, the district court (Meyer, J.) concluded that the facts underlying the motion did not allege events requiring urgent resolution but ordered the Responds to reply to Urena's motion and petition,[5] which they did.[6]

The Motion and Petition—as the Motion's title suggests—indicate that Urena seeks a variety of forms of relief pursuant to an amalgamation of paths to recourse. Unfortunately, the Court concludes that none of these paths are viable and rejects Urena's requests for relief for substantially the reasons set forth by the Respondents in reply to the Court's order to show cause.

At the outset, both Urena's requests for sentence modification and her petition for the writ of habeas corpus cannot overcome bars to judicial review in this Court. First, Urena requests a modification of her sentence pursuant to the First Step Act ("FSA").[7] She explains that she is the caregiver for her father and that her incarceration has taken a toll on him.[8] But this Court lacks the authority to grant her that modification. To the extent that Urena seeks to modify how or where she serves her sentence, "it is well established that the district court does not control how the Executive Branch carries out a defendant's sentence." *United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (citing 18 U.S.C. § 3621(b)) (summary order). Instead, "[f]ederal law vests the [Bureau of Prisons] with plenary power to designate where inmates serve their sentences." *Marcano-Pena v. Warden*, No. 3:24-CV-1582 (SVN),

---

[5] *See* ECF Nos. 4 & 9.

[6] ECF No. 11.

[7] Emergency Mot. at 2.

[8] *Id.*

2025 WL 562620, at *2 (D. Conn. Feb. 20, 2025).[9] And to the extent Urena seeks a reduction in her sentence on grounds of compassionate release, federal law requires that any such request must be made to the sentencing judge—in Urena's case, a Court in the Southern District of New York—rather than submitted to this Court in the District of Connecticut. *See United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020) (summary order); *see also* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35.

As to Urena's petition for writ of habeas corpus, the Court agrees with the Respondents that Urena has failed entirely to exhaust her administrate remedies as required of federal inmates seeking habeas relief. *Portocarrero-Valencia v. Warden, FCI Otisville*, No. 24-CV-6413 (CS), 2025 WL 670911, at *3 (S.D.N.Y. Feb. 28, 2025). Urena does not claim that she has made any sort of administrative requests related to the relief she seeks.[10] And the Government has produced a declaration from corrections staff attesting that Urena has not filed administrative requests of any sort during her incarceration.[11]

This failure requires the dismissal of her petition: Unless excused, failure to exhaust administrative remedies is a bar to judicial review of a habeas petition. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Urena has not argued that her failure to exhaust ought to be excused, nor does her failure appear to meet the requirements of any category of excusable failures as set forth by the Second Circuit. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.). Therefore, to the extent that Urena's claims sound

---

[9] Unless otherwise indicated, this opinion omits internal quotation marks and citations in quoted text, and adopts alternations contained therein.

[10] Compl. at 2.

[11] ECF No. 11-3 at 4-5.

in habeas, her failure to exhaust administrative remedies requires the dismissal of her petition. Nonetheless, because resolution of her claims on the basis of the record at this stage is straightforward, the Court will address each of her claims on the merits in the alternative.

Urena appears to request that the Court order the Bureau of Prisons to apply to her sentence the time credits that she has already earned—and, perhaps, those that she will earn in the future—through her participation in rehabilitation programming.[12] But federal law provides that a prisoner is not "eligible" to have FSA time credits *applied* until they have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Similarly, federal law prohibits the application of FSA time credits anticipated but not yet earned by allowing only the application of time credits "earn[ed]" through the "successful[] complet[ion]" of programming. 18 U.S.C. § 3632(d)(4)(A). Though Urena continues to earn time credits, to this point she has earned only thirty days of credits. That is far from "an amount that is equal to the remainder" of Urena's sentence of incarceration, which has more than two years remaining,[13] and Urena is therefore ineligible to have her earned time credits applied. Importantly, federal law contemplates that *earned* time credits might not end up applied to an inmate's sentence—for example, as a result of negative intervening conduct. *See Clark v. Jamison*, No. 23-cv-455 (MPS), 2023 WL 7300582, at *3-4 (D. Conn. Nov. 6, 2023) (because FSA time credits can be lost, an inmate is not eligible to apply earned time credits to their sentence until the inmate has "earned time credits under the risk and needs assessment system … in an amount that is equal

---

[12] Pet. at 6; Emergency Mot. at 1.

[13] ECF No. 11 at 12; ECF No. 11-3 at 2 ¶ 10 n.1.

to the remainer of the prisoner's imposed term of imprisonment."). As a result, federal law clearly bars Urena's request to have her credits prospectively applied.

The Court notes, however, that even if Urena's time credits are not applied at this time, she can be assured that she is nonetheless *earning* time credits. The Government produced a sheet of "Sentencing Monitoring Computation Data," last computed as of November 25, 2024, demonstrating Urena's earned time credits, and projecting the application of those credits.[14]

Similarly, Urena's request for community placement pursuant to the Second Chance Act is committed to the discretion of the Bureau of Prisons and this Court cannot exercise judicial power to review such a decision. Federal law requires the BOP to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," but that such a placement is only "to the extent practicable," thus conferring discretion on the BOP to decide whether a placement is appropriate. 18 U.S.C. § 3624(c)(1). That provision's text is clear that it mandates only consideration of alternatives such as community placement but does not accord inmates a right to such placements. More importantly, though, that provision of the Second Chance Act expressly limits community placement to twelve months, *id.*, and Urena—even were she to receive all earned and anticipated time credits in advance—would not be within twelve months of the conclusion of her sentence until October 2025.[15]

---

[14] ECF No. 11-3 at 7.

[15] *See* ECF No. 11-3 at ¶¶ 10-12 (explaining Urena's anticipated release and pending sentence in the context of anticipated credits).

For these reasons, Urena's motion and petition are (1) **dismissed** for failure to exhaust administrative remedies to the extent that they seek relief pursuant to the writ of habeas corpus, to the extent that she seeks modification of her sentence or compassionate release, or to the extent that she seeks review of discretionary Bureau of Prisons' decisions and (2) **denied** to the extent that they request that the Court hold that the Bureau of Prisons is violating federal law with respect to the application of earned time credits or community placement under the Second Chance Act. The Clerk of the Court is respectfully requested to close this action.

**SO ORDERED.**

Hartford, Connecticut
April 20, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge